Robert M. Cook (SBN 002628)
THE LAW OFFICES OF ROBERT M. COOK, PLLC
219 West Second Street
Yuma AZ 85364
Telephone: (928) 782-7771
Facsimile: (928) 782-7778
E-mail: robertmcook@yahoo.com
*Attorney for Debtor*

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>**CARLIE BILLEN BACK,**<br><br>Debtor. | **In Proceedings Under<br>Chapter 11**<br><br>**Case No. 2:08-bk-19141-GBN** |

### DEBTOR'S AMENDED PLAN OF REORGANIZATION
### DATED SEPTEMBER 2, 2009

This Plan of Reorganization "the Plan" is proposed by CARLIE BILLEN BACK, Debtor-In-Possession, for resolution of Debtor's outstanding creditor claims.

### ARTICLE I

### DEFINITIONS
### DEFINED TERMS.

The following terms, when used in the Plan, shall, unless the context requires otherwise, have the meanings set forth in this Section.

A.  Administrative Claim shall mean a claim or portion of a claim which is a cost or expense of the administration of Debtor's Estates allowed under §503(b) of the Code that is entitled to priority under §507(a)(1) of the Code, including but not limited to any actual and necessary cost and expense of preserving the Estate, or operating the business of the Debtor, and all fees and expenses of professionals entitled to compensation pursuant to §§328, 330 and 503(b) of the code.

B.  Allowed Claim or Allowed Interest shall mean a claim against or equity interest in the Debtor to the extent that:

Plan - 1

(a) a proof of such Claim or Interest was timely filed with the Court prior to the Confirmation Date and within the applicable time period fixed by the Court, or deemed filed pursuant to Section 1111(a) of the Code or pursuant to a Final Order; and

(b) no timely objection has been made, or it is allowed (and only to the extent allowed) by Final Order.

Multiple proofs of claim filed by claimant shall be aggregated and shall, when allowed, constitute a single Allowed Claim. A Claim that is partially allowed and partially disputed shall not be an Allowed Claim until resolution of the dispute by a Final Order.

C. <u>Allowed Priority Claim</u> shall mean each allowed claim entitled to priority pursuant to Section 507 of the Bankruptcy Code.

D. <u>Allowed Secured Claim</u> shall mean an Allowed Claim as defined herein and further defined as secured under §506(a) of the Code.

E. <u>Allowed Unsecured Claim</u> shall mean an Allowed Claim which is not an Allowed Secured Claim or Priority Claim.

F. <u>Bankruptcy Code</u> shall mean the United states Bankruptcy Code as forth in Title 11, United States Code (Section 101 et seq.).

G. <u>Bankruptcy Court</u> shall mean the United States Bankruptcy Court for the District of Arizona.

H. <u>Bankruptcy Rules</u> shall mean the rules of procedure in bankruptcy cases applicable to cases pending before the Bankruptcy Court, as amended.

I. <u>Bar Date</u> shall mean the date fixed by order of the Bankruptcy Court as the last day creditors are allowed to file proofs of claim.

J. <u>Chapter 11 Case</u> shall mean the proceedings pending before the United States Bankruptcy Court for the District of Arizona entitled <u>In re CARLIE BILLEN BACK</u>, Case No. 2:08-bk-19141-GBN.

K. <u>Claim</u> shall mean a claim against Debtors within the meaning of §101(5) of the Code that arose prior to the Effective Date.

L. <u>Confirmation Date</u> shall mean the date upon which the Court enters its Confirmation

Plan - 2

Order.

M. <u>Confirmation Order</u> shall mean the Order confirming the Plan pursuant to Section 1129 of the Bankruptcy Code.

N. <u>Contested</u> shall mean a claim against the Debtor that is listed in the Debtor's schedules as disputed and/or a claim against the Debtor as to which an objection has been filed with the Bankruptcy Court.

O. <u>Contingent</u> shall mean a claim that has not occurred and which is dependent upon a future event that may never occur.

P. <u>Debtor</u> shall mean <u>CARLIE BILLEN BACK</u>, Debtor in-Possession, in Case No. 2:08-bk-19141-GBN.

Q. <u>Disputed Claim</u> shall mean any claim (i) listed in Debtor's schedules (as amended from time to time) as disputed, contingent or unliquidated, or (ii) identified in the Proof of Claim as disputed, contingent or unliquidated, or (iii) as to which any party-in-interest has filed an objection, which Claim has not been withdrawn or resolved by Final Order.

R. <u>Distribution</u> shall mean the cash required by the Plan to be distributed to the holders of Allowed Claims.

S. <u>Distribution Date</u> shall mean the date of the distribution of funds as provided under the Plan.

T. <u>Effective Date</u> shall be thirty days from the Confirmation Date.

U. <u>Final Order</u> shall mean an order, judgment or other decree of the Court, including, without limitation, a stipulation or other agreement entered into which is "so ordered" by the Court, the operation or effect of which has not been reversed or stayed and as to which order, judgment or other decree(or any revision, modification or amendment thereof) the time to appeal or seek review has expired, and as to which no appeal or petition for review or certiorari has been taken or is pending (or if such appeal or petition has been taken or granted, it has been finally decided).

V. <u>Interest at the plan rate</u> shall be that interest specified in the Plan as 5%.

W. <u>Petition Date</u> shall mean December 31, 2008.

Plan - 3

THE LAW OFFICES OF ROBERT M. COOK, PLLC
219 WEST SECOND STREET
Yuma, AZ 85364

X. <u>Plan</u> shall mean this Plan of Reorganization, including any exhibits, attachments, and incorporated agreements and any amendments or modifications made in accordance with the terms of the Plan or the applicable provisions of the Code.

Y. <u>Priority Claim</u> shall mean an Allowed Claim which is entitled to priority under §507(a) of the Bankruptcy Code other than an administrative claim.

Z. <u>Prorata</u> shall mean the proportion by which a particular creditor's claim bears to the sum of all allowed claims in the same class.

AA. <u>Reorganized Debtor</u> shall mean Debtor, after the Effective Date.

BB. <u>Rules</u> shall mean the Rules of Bankruptcy Procedure and the Local Rules of Bankruptcy Procedure of the District of Arizona.

CC. <u>Tax Claim</u> shall mean a claim for taxes of the kind specified in §507(a)(7) of the Code.

DD. <u>Term</u> shall mean the length of time the Debtor will be required to perform the Plan. The Term of the Plan is 6 years.

EE. <u>Trustee</u> shall mean CARLIE BILLEN BACK, or such other or substitute trustee solely in its capacity as trustee.

FF. <u>Wage Claim</u> shall mean a claim for wages, salaries, commissions, including vacation pay, severance and sick leave pay, of the kind and in the amount specified in Section 507(a)(3) of the Code.

## ARTICLE II

## CLASSIFICATION OF CLAIMS AND INTERESTS

For the purposes of the Plan, Claims against the Debtor, of whatever nature, whether or not scheduled, liquidated or unliquidated, absolute or contingent, direct or indirect, including all Claims arising from the rejection of executory contracts, shall be governed by the provisions of the Plan and are classified as follows:

A. <u>Priority Claims.</u>

1. <u>Class A1: Allowed Wage Claims</u>. Class A1 consists of all Allowed Wage Claims which are for wages, salaries, commissions, including vacation pay, severance and sick leave pay of the

kind and in the amount specified in §507(a)(3) of the Code. No such claims exist in this case.

        2.    <u>Class A2: Allowed Tax Claims</u>. Class A2 consists of all Allowed Tax Claims of governmental units of the kind specified in Section 507(a)(8) of the Code. No such claims exist in this case.

    B.    <u>Secured Claims</u>.

The following classes of claims include only claims to the extent allowable as secured claims against property of the Debtors under §506 of the Bankruptcy Code.

        1.    <u>Class B1: Kondaur Capital Corporation fka M & I Bank.</u>. Class B1 consists of the Allowed Secured Claim of Secured Creditor Kondaur Capital Corporation fka M & I Bank in the approximate amount of $394,021.46, secured by the Deed of Trust/Mortgage on Carlie Back's personal residence located at 2201 E Euclid Avenue in Phoenix, Arizona.

        2.    <u>Class B2: Arizona Federal Credit Union</u>. Class B2 consists of the Allowed Secured Claim of Secured Creditor Arizona federal Credit Union, which is a line of credit secured by a Deed of Trust/Mortgage on the residence located at 2201 E Euclid Avenue in Phoenix, Arizona, which was in the amount of $270,000 on the date of filing.

        3.    <u>Class B3: Countrywide Home Loans.</u> Class B3 consists of the Allowed Secured Claim of Secured Creditor Countrywide Home Loans in the approximate amount of $127,000, or one half thereof (the fair value of the property), which is secured by a Deed of Trust/Mortgage on real property located at 2448 W Sunrise Drive in Phoenix, Arizona. This property was quit claimed to Donald Back in 2004 and was foreclosed on in January 2009.    4.    <u>Class B4: Countrywide Home Loans</u>. Class B4 consists of the Allowed Secured Claim of Secured Creditor Countrywide Home Loans, which is a line of credit secured by a Deed of Trust/Mortgage on the residence located at 2448 W Sunrise Drive in Phoenix, Arizona, which was in the amount of $152,789.13 on the date of filing. This property was quit claimed to Donald Back in 2004 and was foreclosed on in January 2009.

        5.    <u>Class B5: Marina Mortgage c/o BAC Home Loans Servicing</u>. Class B5 consists of the Allowed Secured Claim of Secured Creditor Marina Mortgage c/o BAC Home Loans Servicing in the approximate amount of $108,000, secured by a Deed of Trust/Mortgage on real property located at

THE LAW OFFICES OF ROBERT M. COOK, PLLC
219 WEST SECOND STREET
Yuma, AZ 85364

902 W Paseo Way in Phoenix, Arizona.

      6.    <u>Class B6:The Trust Estate of the Patricia Rose Troy Trust u/a/d April 8, 1999 through Tracy Smith, Trustee c/o Land America Servicing</u>. Class B6 consists of the Allowed Secured Claim of Secured Creditor The Trust Estate of the Patricia Rose Troy Trust u/a/d April 8, 1999 through Tracy Smith, Truste c/o Land America Servicing in the approximate amount of $26,826, secured by a Deed of Trust/Mortgage on real property located at 708 W Buist in Phoenix, Arizona.

      7.    <u>Class B7: Transnational fka Countrywide Home Loans.</u> Class B7 consists of the Allowed Secured Claim of Secured Creditor Transnational fka Countrywide Home Loans in the approximate amount of $186,250.04, secured by a Deed of Trust/Mortgage on real property located at 7116 S 31st Drive in Phoenix, Arizona.

      8.    <u>Class B8: Saxon Mortgage fka Homeq Servicing.</u> Class B8 consists of the Allowed Secured Claim of Secured Creditor Saxon Mortgage fka Homeq Servicing, which is a line of credit secured by a Deed of Trust/Mortgage on the residence located at 7116 S 31st Drive in Phoenix, Arizona, which was in the amount of $84,764.98 on the date of filing.

      9.    <u>Class B9: M & I Bank.</u> Class B9 consists of the Allowed Secured Claim of Secured Creditor M & I Bank in the approximate amount of $97,249.75, or one half thereof (the fair value of the property), secured by Deed of Trust/Mortgage on the parcel of land located in Phoenix, Arizona. The parcel number is 300-16-020F.

      10.    <u>Class B10: America's Servicing Company.</u> Class B10 consists of the Allowed Secured Claim of Secured Creditor America's Servicing Company in the approximate amount of $449,868, or one half thereof (the fair value of the property), secured by a Deed of Trust/Mortgage on real property located at 202 W Carson Avenue in Phoenix, Arizona. This property was foreclosed on in late 2008.

      11.    <u>Class B11: Washington Mutual.</u> Class B11 consists of the Allowed Secured Claim of Secured Creditor Washington Mutual, which is a line of credit secured by a Deed of Trust/Mortgage on the residence located at 202 W Carson Avenue in Phoenix, Arizona, which was in the amount of $88,942 on the date of filing. This property was foreclosed on in late 2008.

12. <u>Class B12: Peter & Rosalyn Johnston c/o Law Offices of Jeffery Stanton Baker.</u> Class B12 consists of the Allowed Secured Claim of Secured Creditor Peter & Rosalyn c/o Law Offices of Jeffery Stanton Baker, which is a 3rd position carryback loan secured by a Deed of Trust/Promissory Note on the residence located at 202 W Carson Avenue in Phoenix, Arizona, which was in the amount of $61,666 on the date of filing. This property was foreclosed on in late 2008.

13. <u>Class B13: VW Credit Inc. fka Audi Financial.</u> Class B13 consists of the Allowed Secured Claim of Secured Creditor VW Credit Inc. Fka Audi Financial, which is an auto loan secured by a 2005 Audi A6, which was in the amount of $21,142.96 on the date of filing.

14. <u>Class B14: On the Move.</u> Class B14 consists of the Allowed Secured Claim of Secured Creditor On the Move, which is an auto loan secured by a 2005 Ford E350 Moving Van, which was in the amount of $8,000 on the date of filing.

C. <u>Unsecured Claims</u>.

1. <u>Class C1: Disputed Unsecured Claims</u>. consists of those unsecured claims which are unliquidated and/or disputed which are subject to final determination through the claims adjudication process.

2. <u>Class C2: General Unsecured Claims</u>. Class C2 consists of all general unsecured claims against the Debtors. Class C2 includes the following:

| Creditor | Amount |
|---|---|
| American Express | $ 1,436.70 |
| AZ Federal Credit Union | $ 10,000.00 |
| FIA card Svcs/ Bank of America | $ 33,232.82 |
| Discover Bank | $ 4,794.16 |
| AZ Federal Credit Union | $ 10,000.00 |
| AZ Federal Credit Union | $ 10,000.00 |
| TOTAL | $ 69,463.68 |

# ARTICLE III

# TREATMENT OF NON-CLASSIFIED CLAIMS
# ADMINISTRATIVE EXPENSES

The holders of claims entitled to priority under §507(1) of the Bankruptcy Code, including entities entitled to payment pursuant to Bankruptcy Code §503, and professionals employed by the Debtor prior to or after entry of the confirmation Order, shall receive cash in the amount of such claims (i) within three

months after the Effective Date, (ii) at the option of the Debtor, in accordance with the ordinary business terms of payment of such claims, or (iii) at such time and/or in such amount as the Debtor and the holders of such Allowed Claims shall agree.

## ARTICLE IV

## TREATMENT OF CLASSIFIED CLAIMS

All claims shall be treated, settled, satisfied, discharged and resolved in accordance with the following provisions:

    A.    <u>Priority Claims</u>.

        1.    <u>Class A1: Priority - Wages</u>. Class A1 consists of all Allowed Wage Claims which are for wages, salaries, commissions, including vacation pay, severance and sick leave pay of the kind and in the amount specified in §507(a)(3) of the Code. No such claims exist in this case.

        2.    <u>Class A2: Priority Tax Claims</u>. Class A2 consists of all Allowed Tax Claims of governmental units of the kind specified in Section 507(a)(8) of the Code. No such claims exist.

    B.    <u>Secured Claims</u>

        1.    <u>Class B1: Kondaur capital Corporation fka M & I Bank.</u> Class B1 consists of the Allowed Secured Claim of Secured Creditor Kondaur Capital Corporation fka M & I Bank in the approximate amount of $394,021.46, secured by the Deed of Trust/Mortgage on Debtor Carlie Back's personal residence located at 2201 E Euclid Avenue in Phoenix, Arizona. Secured Creditor Kondaur Capital Corporation fka M & I Bank shall retain its security interest in the collateral and will be paid one half or $197,010.73 over 30 years at 4.75% interest. See attached Amortization Schedule 1. In the alternative, Debtor proposes paying the whole loan amount of $394,021.46 over 40 years, with the first 60 months at 2.50% interest and the remaining 420 months at 4.75% interest. See attached Amortization Schedule 2.

        2.    <u>Class B2: Arizona Federal Credit Union</u>. Class B2 consists of the Allowed Secured Claim of Secured Creditor Arizona Federal Credit Union which is a line of credit secured by a Deed of Trust/Mortgage on the property located at 2201 E Euclid Avenue in Phoenix, Arizona, which was

in the amount of $270,000 on the date of filing. Secured Creditor Arizona Federal Credit Union shall retain its security interest in the property and will be paid 10% ($27,000) of the outstanding loan within 1 year of the effective date of the Plan and shall be deemed paid in full.

       3.      <u>Class B3: Countrywide Home Loans.</u> Class B3 consists of the Allowed Secured Claim of Secured Creditor Countrywide Home Loans, secured by a Deed of Trust/Mortgage on the property located at 2448 W Sunrise Drive in Phoenix, Arizona, in the approximate amount of $127,000. This loan has been satisfied due to foreclosure on the property.

       4.      <u>Class B4: Countrywide Home Loans</u>. Class B4 consists of the Allowed Secured Claim of Secured Creditor Countrywide Home Loans which is a line of credit secured by a Deed of Trust/Mortgage on the property located at 2448 W Sunrise Drive in Phoenix, Arizona, which was in the amount of $152,789.13 on the date of filing. This loan has been satisfied due to the foreclosure on the property.

       5.      <u>Class B5: Marina Mortgage c/o BAC Home Loans Servicing</u>. Class B5 consists of the Allowed Secured Claim of Secured Creditor Marina Mortgage c/o BAC Home Loans Servicing in the approximate amount of $108,000, secured by the Deed of Trust/Mortgage on the residence located at 902 W Paseo Way in Phoenix, Arizona. Secured Creditor Marina Mortgage c/o BAC Home Loans Servicing shall retain its security interest in the collateral and will be paid the whole loan amount of $108,000 over 30 years at 4.75% interest. The monthly payments to Secured Creditor will be in the amount of $828.36 ($563.38 for principal and interest and $264.98 for escrow; escrow subject to change) and are to commence October 1, 2009.

       6.      <u>Class B6: The Trust Estate of Patricia Rose Troy Trust u/a/d April 8, 1999 through Tracy Smith, Trustee c/o Land America Servicing.</u> Class B6 consists of the Allowed Secured Claim of Secured Creditor The Trust Estate of Patricia Rose Troy Trust u/a/d April 8, 1999 through Tracy Smith, Trustee c/o Land America Servicing in the amount of $26,826, secured by a Deed of Trust/Mortgage on the property located at 708 W Buist in Phoenix, Arizona. Secured Creditor The Trust Estate of Patricia Rose Troy Trust u/a/d April 8, 1999 through Tracy Smith, Trustee c/o Land America Servicing shall retain it's security interest in the property at the full amount and will be paid over 40 years at 3% interest for the

Plan - 9

first 36 months and the remaining 444 months (37 years) at 4.75%. See attached Amortization Schedule 3.

      7.     <u>Class B7: Transnational fka Countrywide Home Loans.</u>  Class B7 consists of the Allowed Secured Claim of Secured Creditor Transnational fka Countrywide Home Loans secured by a Deed of Trust/Mortgage on the property located at 7116 S 31st Drive in Phoenix, Arizona, which was in the amount of $186,250.04 on the date of filing. A Motion to Sell Property of the Estate was approved by the U.S. Bankruptcy Court and short sale approval is pending from the Secured Creditor. If the Short Sale does not get approval from the Secured Creditor, Debtor will surrender property back to the bank.

      8.     <u>Class B8: Saxon Mortgage</u>. Class B8 consists of the Allowed Secured Claim of Secured Creditor Saxon Mortgage which is a line of credit secured by a Deed of Trust/Mortgage on the property located at 7116 S 31st Drive in Phoenix, Arizona, which was in the amount of $84,764.98 on the date of filing. A Motion to Sell Property of the Estate was approved by the U.S. Bankruptcy Court and short sale approval is pending from the Secured Creditor. If the Short Sale does not get approval from the Secured Creditor, Debtor will surrender property back to the bank.

      9.     <u>Class B9: M & I Bank.</u>  Class B9 consists of the Allowed Secured Claim of Secured Creditor M & I Bank in the amount of $97,249.76 secured by a Deed of Trust/Mortgage on the parcel of land with parcel number 300-16-020F located in Phoenix, Arizona. This property has been surrendered in Lieu of Foreclosure and Deficiency. Any deficiency shall be treated as an unsecured claim.

      10.     <u>Class B10: America's Servicing Company.</u> Class B10 consists of the Allowed Secured Claim of Secured Creditor America's Servicing Company secured by a Deed of Trust/Mortgage on the property located at 202 W Carson Avenue in Phoenix, Arizona, which was in the amount of $449,868 on the date of filing. This loan has been satisfied due to the foreclosure on the property.

      11.     <u>Class B11: Washington Mutual.</u>  Class B10 consists of the Allowed Secured Claim of Secured Creditor Washington Mutual secured by a Deed of Trust/Mortgage on the property located at 202 W Carson Avenue in Phoenix, Arizona, which is a second mortgage in the amount of $88,942 on the date of filing. This loan has been satisfied due to the foreclosure on the property.

THE LAW OFFICES OF ROBERT M. COOK, PLLC
219 WEST SECOND STREET
Yuma, AZ 85364

12. <u>Class B12: Peter & Rosalyn Johnston c/o Law Offices of Jeffrey Stanton Becker.</u> Class B12 consists of the Allowed Secured Claim of Peter & Rosalyn Johnston c/o Law Offices of Jeffrey Stanton Becker in the amount of $61,666 secured by a Note on the property located at 202 W. Carson Avenue in Phoenix, Arizona. This is a 3rd position carryback loan and the property has since been foreclosed on and Debtor Carlie Back no longer holds this property. There may be a possible settlement and Debtor's Attorney is in contact with Secured Creditor's Attorney.

13. <u>Class B13: VW Credit Inc. fka Audi Financial.</u> Class B13 consists of the Allowed Secured Claim of Secured Creditor VW Credit, Inc. in the amount of $21,142.96 secured by a 2005 Audi A6. Debtor proposes a loan modification with VW Credit Inc. to lower the monthly payment. The value of the vehicle is less than what is currently owed.

14. <u>Class B14: On the Move:</u> Class B13 consists of the Allowed Secured Claim of Secured Creditor On the Move in the amount $8,000 secured by a 2005 Ford E350 Moving Van. Debtor is in the process of a loan workout and On the Move is happy to work with the Debtor to satisfy the debt.

C.   <u>Unsecured Claims</u>.

1.   <u>Class C1: Disputed Unsecured Claims</u>. consists of those unsecured claims which are unliquidated and/or disputed which are subject to final determination through the claims adjudication process.

2.   <u>Class C2: General Unsecured Claims</u>. The holders of Class C2 unsecured claims shall be paid 10% of the amount of their Allowed Claims as agreed pre-petition.

D.   <u>Penalties and Other Charges</u>.

No portion of an allowed claim shall include, and no distribution shall be made on account of any fines, penalties, exemplary or punitive damages, late charges or other monetary charge relating to or arising from any default or breach by the Debtor. An objection shall be deemed to have been filed by Debtor to any claim for such an amount.

E.   <u>Controlling Effect</u>.

The provisions of this Plan shall modify and supersede the terms of any promissory notes, deeds of trust, security agreements and other documents relating to any Allowed Claim. The Debtors shall

not be deemed to have assumed any obligations specified in any promissory notes, deed of trust, security agreement or other document relating to an Allowed Claim except as specifically provided by the Plan. All Allowed Claims may be prepaid at any time without penalty or premium.

    F.    <u>Prepayment of Claims</u>.

The Debtor reserves the right to prepay any class of Claims in full at any time without prepayment penalties.

## ARTICLE V

## TREATMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES

    A.    With regard to executory contracts or unexpired leases:

No executory contracts or unexpired leases exist in this case.

## ARTICLE VI

## IMPLEMENTATION OF PLAN -- LIQUIDATION AND BORROWINGS; CONDITIONS TO IMPLEMENTATION

    A.    <u>SOURCE OF PLAN FUNDS</u>.

The primary means for effectuating the plan shall be the income and commissions from the sale of clients properties.

    B.    <u>BORROWING</u>.

At the Debtor's option, funds may be borrowed but only to the extent that the funds are necessary to implement the Plan. The entry of the Confirmation Order shall constitute authorization to the Debtors to make such borrowings as required to fund the Plan.

    C.    <u>DISPUTED CLAIMS</u>

If a distribution is required to be made under this Plan to the holder of a Claim that is then a Disputed Claim, any payment shall be placed into a non-interest bearing escrow by the Debtors. There shall be no distribution to the holder of a disputed Claim until the objection to the Claim has been resolved

Plan - 12

by final order of the Bankruptcy Court.

### D. POST-CONFIRMATION EMPLOYMENT OF PROFESSIONALS.

After the Effective Date, the Debtor shall have the authority to employ professionals including attorneys, accountants, and other advisors free of any restrictions imposed by the Bankruptcy Code or Rules. Fees and costs may be paid for services after the Effective Date upon approval of only the Debtor and no Bankruptcy court approval shall be required.

### E. OPERATION OF THE FARMING BUSINESS.

Upon the Effective Date, Debtor's business shall operate free of any restrictions other than those imposed upon it by this Plan and the Confirmation Order. The Debtor shall be entitled to enter into and terminate contracts, purchase and sell assets, pay and incur debt, proceed with other business operations, both within and outside the ordinary course, without Court authorization except as expressly required by this Plan or the Confirmation Order. To implement the Plan, the Debtor will continue to maintain and operate the property after the Effective Date.

### F. SALE OR REFINANCING OF THE PROPERTY.

The Debtor may sell Debtor's property at any time on or after the Effective Date. The Debtor shall not be required to condition sale or transfer on whether the purchaser or transferee elects to assume the Plan obligations with respect to the property, although the purchaser or transferee may assume said obligations payable in accordance with the terms of the Plan. The Debtor may also sell the property "subject to" all liens and encumbrances. The Debtor also may seek refinancing to satisfy all or any portion of the obligations owed under the Plan.

## ARTICLE VII
## EFFECT OF CONFIRMATION

Except as provided herein, the Plan, the consideration thereunder, and the Confirmation Order act as a discharge, release and complete satisfaction, effective as of the Confirmation Date, of any and all debts and Claims of any nature against the Debtor that arose at any time before entry of the Confirmation Order, including, but not limited to, all principal and any and all interest accrued on such claims, pursuant to

§1141(d)(1) of the Code. The discharge of the Debtor shall be effective as to each Claim, regardless of whether a Proof of Claim therefor was filed, whether the Claim is an Allowed Claim, or whether the holder thereof votes to accept the Plan.

Except as provided for in the Plan or in the Confirmation Order, on the Effective Date, the Reorganized Debtor shall be vested with all Retained Assets free and clear of all Claims, liens, charges and other interests of creditors arising prior to the Petition Date.

Effective upon the entry of the confirmation Order, but subject to the occurrence of the Effective Date, all Claims, causes of action and rights, if any, of any creditor or other party-in-interest against the Debtor and their employees, agents or professionals, relative to acts or omissions to act in any matter arising in or relating to this Chapter 11 case shall be deemed released, waived and relinquished; <u>provided, however</u>, that such release, waiver and relinquishment shall not affect any such Claims filed in the Debtor's case or claims or rights arising out of fraud or willful misconduct of any persons or entities.

## ARTICLE VIII

## OBJECTIONS TO CLAIMS

As soon as practicable, but in no event later that thirty (30) days after the Effective Date, objections to claims shall be filed with the Court and served upon the holders of each of the claims to which objections are made pursuant to the Bankruptcy Code and Rules. Objections filed after such date will be barred.

## ARTICLE IX

## MODIFICATION OF PLAN

The Plan may be modified before or after the Confirmation Date, subject to Bankruptcy Code §1127 and applicable rules. The Debtor shall be permitted to modify the Plan before substantial consummation, subject to the requirements of §§1122 and 1123 of the Bankruptcy Code, if circumstances warrant such modification and if the Court, after notice and hearing, confirms the plan as modified under §1129 of the Bankruptcy Code. The Plan shall be deemed substantially consummated upon funding of the Administrative Reserve.

# ARTICLE X

# RETENTION OF JURISDICTION

The Court, following confirmation of the Plan, shall retain jurisdiction over the Plan and over the Debtor's case and proceedings or other matters arising in or relating to the Debtor's case or arising under the Bankruptcy Code to the full extent permitted by law and to the full extent necessary to carry out the purposes and intent of this Plan including the exclusive jurisdiction of the following:

A. The classification of the Claim of any creditor and the re-examination of the Claims which have been Allowed for purposes of voting, and the determination of such objections as may be filed to the creditor's Claims. The failure by Debtor to object, or to examine any claim for the purpose of voting, shall not be deemed to be a waiver of the right of Debtor to object to, or re-examine the Claim in whole or in part.

B. The liquidation of any Claim.

C. Determination of all questions and disputes regarding title to the assets of the Estate, and determination of all causes of actions, controversies, disputes, or conflicts whether or not subject to action pending as of the confirmation date, between the Debtor and any other party, and any other party, including but not limited to any right of the Debtor to recover or effect turnover of property of the Estate pursuant to the provisions of the Code or applicable non-bankruptcy law.

D. The correction of any defect, the curing of any omission, or the reconciliation of any inconsistency in this plan or the confirmation Orders as may be necessary to carry out the purposes and intent of this Plan.

E. The modification of this plan after confirmation pursuant to the Bankruptcy Rules and the Code.

F. The enforcement, implementation and interpretation of the terms and conditions of this plan and any instruments issued under the Plan or any other documentation evidencing the terms of the Plan, including, but not limited to, all matters or disputes pertaining to the Unsecured Creditors Trust.

G. Entry of any order, including injunction, necessary to enforce the title, rights, and powers of the Debtor and to impose such limitations, restrictions, terms and conditions of such title, rights, and powers as this Court may deem necessary.

H. The adjudication of any actions brought by the Debtor or the Reorganized Debtor, which actions are retained pursuant to 11 U.S.C. §1123(b)(3), as described in Article XII below.

I. The determination of any Claims for compensation and reimbursement of counsel for the Debtors or any other person entitled to priority under §507(a)(1).

J. Entry of an order concluding and terminating this case

## ARTICLE XI

## RETENTION AND ENFORCEMENT OF CLAIMS

Pursuant to Bankruptcy Code §1123(b)(3), the Debtor shall retain and may enforce any and all Claims, interests and causes of action of the Debtor as Debtor or Debtor-In-Possession and of its Estate, and the Bankruptcy Court shall retain jurisdiction to hear matters respecting said Claims, interests and causes of action.

## ARTICLE XII

## REQUIREMENTS RESPECTING U.S. TRUSTEE

1. All quarterly fees owing to the United States Trustee and/or other administrative expenses will be paid in a timely manner as of the effective date of the Plan.

2. All quarterly fees to the United States Trustee, post-confirmation, pursuant to 28 U.S.C. § 1930, as amended, will be paid in a timely manner.

3. Post-confirmation financial reports on a quarterly basis, with a copy to the Office of the United States Trustee, will be filed in a timely manner.

## ARTICLE XIII

## REQUEST FOR CONFIRMATION

To the extent required, Debtors hereby request entry of a Confirmation Order and confirmation of the Plan as satisfying the requirements of Bankruptcy Code §§1129(a) and 1129(b).

Plan - 16

RESPECTFULLY SUBMITTED this 2nd day of September, 2009.

                                    THE LAW OFFICES OF ROBERT M. COOK

                                    By: /s/ Robert M. Cook
                                           Robert M. Cook
                                           *Attorney for Debtors*

APPROVED BY:

/s/ Carlie Back

Plan - 17