DAVID WM. ENGELMAN, SBA #004193
**ENGELMAN BERGER, P.C.**
3636 NORTH CENTRAL AVENUE, SUITE 700
PHOENIX, ARIZONA 85012

Ph: (602) 271-9090
Fax: (602) 222-4999
Email: dwe@engelmanberger.com

Attorneys for Arizona Federal Credit Union

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: <br><br> CARLIE BILLEN BACK, <br><br> Debtor. | Chapter 11 <br><br> Case No. 2:08-bk-19141-GBN <br><br> **OBJECTION OF ARIZONA FEDERAL CREDIT UNION TO CONFIRMATION OF AMENDED CHAPTER 11 PLAN** <br><br> **HEARING DATE: 11-03-09** <br><br> **TIME: 9:30 A.M.** |

Arizona Federal Credit Union ("AZFCU"), a secured creditor of Carlie Billen Back ("Debtor"), hereby objects to the confirmation of Debtor's "Amended Plan of Reorganization Dated September 2, 2009" (the "Amended Plan"). The Amended Plan is not confirmable because it violates 11 U.S.C. § 1123(b)(5) by attempting to modify AZFCU's rights as a secured creditor holding a second-position lien secured by the Debtor's principal residence. This objection is filed pursuant to 11 U.S.C. § 1129(a)(1) and is supported by the following Memorandum of Points and Authorities, exhibits attached hereto, as well as all of the papers and pleadings on file herein.

/

/

{01206.604/00122499.DOC /}

1

## MEMORANDUM OF POINTS AND AUTHORITIES

1. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this court pursuant to 28 U.S.C § 1408. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L).

2. On December 31, 2008 (the "Filing Date"), Debtor filed a voluntary petition for bankruptcy under chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code") under Case No. 2:08-bk-19141-GBN.

3. On or about March 17, 2006, the Debtor and Donald T. Back obtained a home equity line of credit in the principal amount of $300,000.00 from AZFCU. A copy of the "Second Mortgage Closed-End Note, Disclosure, and Loan Agreement" ("Note") is attached hereto as **Exhibit "A"** and by reference incorporated herein.

4. To secure payment of the Note, the Debtor and Donald T. Back executed the "Second Mortgage Deed of Trust" (the "Deed of Trust") in favor of AZFCU on March 17, 2006. A copy of the Deed of Trust is attached hereto as **Exhibit "B"** and by this reference incorporated herein. The Deed of Trust secures a second position lien on the real property located at: 2201 East Euclid Avenue, Phoenix, Arizona 85042 (the "Property"), which is legally described as follows:

> THE NORTH HALF OF THE WEST HALF OF THE NORTHWEST QUARTER OF THE SOUTHEAST QUARTER OF THE SOUTHEAST QUARTER OF SECTION 3, TOWNSHIP 1 SOUTH, RANGE 3 EAST OF THE GILA AND SALT RIVER BASE AND MERIDIAN, MARICOPA COUNTY, ARIZONA;
>
> EXCEPT THE EAST 163 FEET THEREOF;
>
> EXCEPT THE NORTH 25 FEET THEREOF;
>
> EXCEPT THE WEST 25 FEET THEREOF.

5. The Property is the Debtor's "personal residence." *See* Docket #123, Article IV(B)(1).

6. As of the Filing Date, the amount owed under the Note was no less than $279,472.44, which includes principal in the amount of $269,003.05, interest in the amount of $9,099.29, and fees in the amount of $1,370.10. Interest continues to accrue.

7. Under the Amended Plan, AZFCU retains its security interest in the Property and will be paid ten percent (10%) or $27,000.00 of AZFCU's secured claim amount of $270,000.00 within one year of the effective date of the Plan. *See* Docket #123, Article IV(B)(2).

8. Because the Amended Plan attempts to modify the rights of AZFCU's claim secured by a second-position security interest in the Property, which is the Debtor's personal residence, the Amended Plan violates 11 U.S.C. § 1123(b)(5) and therefore, is not confirmable pursuant to 11 U.S.C. § 1129(a)(1).

9. For the above-mentioned reasons, AZFCU objects to the confirmation of the Amended Plan.

DATED this 30th day of October, 2009.

ENGELMAN BERGER, P.C.

By SBA #004193
David Wm. Engelman
3636 North Central Avenue, Suite 700
Phoenix, Arizona 85012
Attorneys for Arizona Federal Credit Union

**COPY** of the foregoing
mailed this 30th day of
October, 2009 to:

Robert M. Cook
Law Offices of Robert M. Cook PLLC
219 West Second Street
Yuma, Arizona 85364
Attorneys for Debtor

/s/ Cynthia L. Worne

{01206.604/00122499.DOC /}

3

# EXHIBIT A




**Arizona Federal**
*The credit union for the way you define service.*

# SECOND MORTGAGE CLOSED-END NOTE, DISCLOSURE, AND LOAN AGREEMENT

| DATE OF LOAN | ACCOUNT NUMBER | LOAN SUFFIX |
|---|---|---|
| 03/17/2006 | 159697 | 35 |

| BORROWER 1 NAME AND ADDRESS | | DATE OF BIRTH | SOCIAL SECURITY NO. |
|---|---|---|---|
| CARLIE BILLEN BACK | 2201 E EUCLID AVE<br>PHOENIX AZ 85042-8123 | 03/21/1961 | 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 |
| **BORROWER 2 NAME AND ADDRESS** | | **DATE OF BIRTH** | **SOCIAL SECURITY NO.** |
| DONALD T BACK | 2201 EAST EUCLID AVENUE<br>PHOENIX AZ 85042 | | 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 |
| **BORROWER 3 NAME AND ADDRESS** | | **DATE OF BIRTH** | **SOCIAL SECURITY NO.** |
| | | | |
| **BORROWER 4 NAME AND ADDRESS** | | **DATE OF BIRTH** | **SOCIAL SECURITY NO.** |
| | | | |

| ANNUAL PERCENTAGE RATE: The cost of your credit as a yearly rate. | FINANCE CHARGE: The dollar amount the credit will cost you. | Amount Financed: The amount of credit provided to you or on your behalf. | Total of Payments: The amount you will have paid after you have made all payments as scheduled. |
|---|---|---|---|
| 7.24 % | $ $ 193141.72 "e" | $ $ 300000.00 | $ $ 493141.72 "e" |

Your payment schedule will be:

| NUMBER OF PAYMENTS | AMOUNT OF PAYMENTS | WHEN PAYMENTS ARE DUE |
|---|---|---|
| 180 "e" | $ 2740.20 | 1st Payment beginning April 25, 2006 and MONTHLY thereafter. Final payment of $ $ 2645.92 on March 25, 2021 |

Security: In addition to your pledge of shares, you are giving a security interest in your real estate described in the Home Equity Deed of Trust executed in conjunction with this Note.

Late Charges: If a payment is delinquent more than 10 days, you will be charged 10% of the payment due with a minimum of $10.00, unless applicable law specifically requires a lesser amount.

Property Insurance: You may obtain property insurance from anyone you want that is acceptable to the credit union. Your insurance policy must have a deductible of $500.00 or less.

**Residential Mortgage Loan Assumption:** We do not allow mortgage loan assumption.

**Required Deposit Balance:** The Annual Percentage Rate does not take into account your required deposit balance.

**Filing Fees:** 0.00

See your contract documents and Deed of Trust for any additional information about nonpayment, default, any required repayment in full before the scheduled date, and prepayment refunds and penalties.

Prepayment: If you pay off early, you will not have to pay a penalty.

"e" means estimate.

ITEMIZATION OF AMOUNT FINANCED: See Settlement Statement Note Rate: 7.24 Loan Amount: $ 300000.00 Property Occupancy: OWNER OCC

**LOAN AGREEMENT:** IN THESE AGREEMENTS, THE WORDS "I," "ME," "MY" AND "MINE" MEAN ALL THOSE NAMED AS BORROWERS. THE WORDS "YOU," "YOUR" AND "YOURS" MEAN ARIZONA FEDERAL CREDIT UNION.

**Payments/Finance Charges:** For value received, I promise to pay, at your office, all amounts due. All payments shall be made pursuant to the disclosure statement on page 1 of this document. I understand that the finance charge and total of payments shown on page 1 of this document are based on the assumption that all installment payments will be made on the scheduled due dates. If I fail to pay any installment by the time it is due, I will pay additional interest on the overdue amount.

**Late Charges:** If I make a late payment, I agree to pay a late charge if one is disclosed on page 1 of this document.

**Property Insurance:** I must obtain insurance on the Property securing this Agreement that is reasonably satisfactory to you. The property insurance must have a deductible of $500.00 or less. I may obtain property insurance through any company of my choice that is reasonably satisfactory to you. I have the option of providing any insurance required under this Agreement through an existing policy or a policy independently obtained and paid for by me, subject to your right, for reasonable cause before credit is extended, to decline any insurance provided by me. Subject to applicable law, if I fail to obtain or maintain insurance as required in the Deed of Trust, you may purchase insurance to protect your own interest, add the premium to my balance, pursue any other remedies available to you, or do any one or more of these things.

**Security:** In addition to the protections given you under this Loan Agreement, a Deed of Trust, dated the same as this Note, protects you from possible losses which might result if I do not keep the promises I make in this Note. That Deed of Trust describes how and under what conditions I may be required to make immediate payment in full of all amounts that I owe under this Note.

**Borrower Responsibility:** I promise to notify you of any change in my name, address or employment. I promise not to apply for a loan if I know there is a reasonable probability that I will be unable to repay my obligation according to the terms of the credit extension. I promise to inform you of any new information which relates to my ability to repay my obligation. I promise not to submit false or inaccurate information or willfully conceal information regarding my creditworthiness, credit standing, or credit capacity.

**Primary Residence and Preservation of Collateral:** I represent that I am currently living in the property offered as Collateral and am using the property as my primary residence. I acknowledge that you are extending credit to me with the understanding that the Collateral is my primary residence and that this understanding is a material part of this Credit Agreement. I agree and acknowledge that moving out of the property offered as Collateral constitutes a default of a material obligation under this Agreement and in such event, you may take any and all necessary steps available to you under this Agreement, the accompanying Deed of Trust, and applicable law.

**Secondary Residence and Preservation of Collateral:** I represent that if I am not currently living in the property offered as Collateral, I have disclosed this fact to you in my application. I have disclosed to you that the property offered as collateral is my secondary residence or rental property. I acknowledge that you are extending credit to me with the understanding that the Collateral is my secondary residence or rental property and that this understanding is a material part of this Credit Agreement. I agree and acknowledge that a change in the occupancy status of the property offered as Collateral constitutes a default of a material obligation under this Agreement and in such event, you may take any and all necessary steps available to you under this Agreement, the accompanying Deed of Trust, and applicable law.

**Default:** (1) If I break any promise made under this Loan Agreement or under the Deed of Trust; or (2) if I do not use the money you loaned me for the purpose stated in my application; or (3) if you should, in good faith, believe that prospect of payment, performance or realization of the collateral, if any, is impaired; or (4) if I die; or (5) if I file a petition in bankruptcy, insolvency, or receivership or am put involuntarily into such proceedings; or (6) if the collateral, if any, given as security for this loan is lost, damaged or destroyed, or if it is levied against, attached or garnished; or (7) if I do not pay on time any of my other or future debts to you, you may, at your option and without prior notice, declare this loan immediately due and payable, and I must immediately pay the total unpaid balance, as well as the Finance Charge to date, any late charges and costs of collection permitted under law, including reasonable attorney's fees. Costs of collection include, but are not limited to, repossession fees, appraisals, environmental site assessments, casualty damage insurance coverage, and attorney's fees for any action taken by an attorney in order to collect this loan or preserve or protect the credit union's rights and remedies, including, without limitation, pre-suit demands for payment, pre-suit mediation or settlement negotiations, investigation and assessment of the credit unions' rights, participation in bankruptcy cases, matters, and proceedings (including, without limitation, filing proofs of claim, pursuing reaffirmation agreements, attending meetings of creditors, and pursuing complaints, motions, and objections that relate in any way to the credit union's collateral or right to payment), collateral disposition, non-bankruptcy suits and/or administrative actions, and appeals. The principal balance in default shall bear interest at the maximum rate allowed by law.

**Demand Feature:** If I am in default, you may require me to pay immediately the full amount of the principal which has not been paid and all the interest that I own on that amount plus all applicable attorney's fees as stated above.

**Delay In Enforcement:** You may delay enforcing any of your rights under this agreement without losing them. Irregular Payments: You may accept late payments or partial payments, even though marked "payment in full," without losing any of your rights under this agreement.

**Prepayment:** I may prepay all or any amount owing under this Note without penalty.

**Co-Borrower:** If I am signing this agreement as a co-borrower, I agree to be equally responsible with the borrower, but you may sue either or both of us. You do not have to notify me that this agreement has not been paid. You may extend the terms of payment and release any security without notifying or releasing me from responsibility on this agreement.

**Incorporation of Deed of Trust:** Each and every term, covenant and provision contained in the Deed of Trust securing this Note signed by me on the same date as this Note is, by this reference incorporated into this Note as if fully set forth in the Note.

**Notice:** All notices required to be given under the Note or under the Deed of Trust, will be sent to my property address shown on page 1 of this Note and in the security section of the Deed of Trust. Notice will be mailed to me at a different address if I give you written notice of a different address.

If I purchase protection under the debt cancellation program or other products in connection with this loan, I understand that a portion of the premium or fee I pay will be retained by the credit union (or paid back to the credit union by the service provider) as compensation for making these services available to me.

**Negative Information Notice:** You may report information about myaccount to credit bureaus. Late Payments, missed payments, or other defaults on my account may be reflected in my credit report.

**Governing Law:** This agreement shall be construed and enforced in accordance with the laws of the State of Arizona.

**Contractual Pledge of Shares:** I pledge all my shares and deposits in the credit union, including future additions, as security for this loan. In case I default, you may apply these shares and deposits to the payment of all sums due at the time of default, including costs of collection and reasonable attorney's fees. No lien or right to impress a lien on shares and deposits shall apply to any of my shares which may be held in an "Individual Retirement Account" or "Keogh Plan."

By initialing here I/we acknowledge receiving the Good Faith Estimate prior to closing: CB DB ______ ______ ______

Please acknowledge your intent to apply for joint credit by initialing here: CB DB ______ ______ ______

I agree that the terms and conditions in the Disclosure Statement, Loan Agreements and Deed of Trust shall apply to this loan. If there is more than one borrower, we agree that all the conditions of the Loan Agreements and Deed of Trust governing this loan shall apply to both jointly and severally. I acknowledge that I have received a copy of the Loan Agreements, Deed of Trust and Disclosure Statement.

| Borrower 1 Signature | Date | Borrower 2 Signature | Date |
|---|---|---|---|
| CARLIE BILLEN BACK (signed) | 03/17/2006 | DONALD T BACK (signed) | 03/17/2006 |
| **Borrower 3 Signature** | **Date** | **Borrower 4 Signature** | **Date** |
| | 03/17/2006 | | 03/17/2006 |

COPYRIGHT [illegible] All rights reserved.

# EXHIBIT B

When recorded return to:

ARIZONA FEDERAL CREDIT UNION
PO BOX 60070
PHOENIX, AZ 85082-0070

Escrow #:

Second Mortgage Deed of Trust

THIS DEED OF TRUST, ASSIGNMENT OF RENTS AND FIXTURE FILING (collectively "Deed of Trust") is given 03/17/2006 by DONALD T. BACK AND CARLIE B. BACK, HUSBAND AND WIFE

hereinafter referred to individually or as the context may require as "Trustor" or "Borrower" whose address is 2201 EAST EUCLID AVENUE     PHOENIX, AZ 85042    to ARIZONA FEDERAL CREDIT UNION, whose address is 333 North 44th Street, Phoenix, Arizona 85008 (hereinafter referred to as "Trustee") for the benefit of ARIZONA FEDERAL CREDIT UNION, a Federal Credit Union, its successors and assigns, whose address is 333 north 44th Street, Phoenix, Arizona 85008 (hereinafter referred to as "Beneficiary" or "Lender"). Borrower does hereby irrevocably and unconditionally grant, convey and warrant to Trustee, in trust for the benefit of Beneficiary, with power of sale and right of entry and possession, the following described property located in the County of MARICOPA, State of Arizona (the "Real Property"):

SEE EXHIBIT A

which has the street address of   2201 EAST EUCLID AVENUE
                                  PHOENIX, AZ 85042

together with (i) all improvements, buildings or structures of any nature whatsoever, now or hereafter erected on the Real Property, (ii) all fixtures, including all plumbing, heating, air conditioning and ventilating equipment, now or hereafter located under, on or above the Real Property, including mobile homes and manufactured homes, (iii) all rights, privileges, rents, royalties, mineral, oil and gas rights and profits, tenements, hereditaments, rights-of-way, easements, appendages, appurtenances, or riparian rights now or hereafter belonging or in any way appertaining to the Real Property, and (iv) all of Borrower's right, title and interest in and to any streets, rights-of-way, alleys or strips of land now or hereafter adjoining thereto, including any replacements and additions to any of the foregoing. All of the foregoing is collectively referred to in this Deed of Trust as the "Property." This Deed of Trust constitutes a financing statement filed as a fixture filing under the Arizona Uniform Commercial Code, as amended or recodified from time to time, covering any Property which now is or later may become a fixture attached to the Real Property or any building located thereon.

This Deed of Trust is given to secure the payment of all indebtedness, including principal, interest, and all other amounts, finance charges, payments and premiums due and the performance of all obligations that Borrower now or hereafter owes Lender under this Deed of Trust and under that certain agreement governing Borrower's Closed-end Home Equity Note, Disclosure and Loan Agreement entered into between Borrower and Lender of even date herewith ("Agreement"), including all extensions, renewals and modifications thereof (all of such obligations being hereinafter referred to as the "Debt"). The original loan amount is $ 300000.00

A. REPRESENTATIONS
Borrower hereby represents to Lender as follows:
1. Validity of Security Documents. (a) The execution, delivery and performance by Borrower of the Agreement, this Deed of Trust and all other documents and instruments now or hereafter, furnished to Lender to evidence or secure payment of the Debt (the "Security Documents"), and the borrowing evidenced by the Agreement, will not violate any order of any court or other agency of government, or any mortgage, indenture, trust agreement or other instrument to which Borrower is a party or by which Borrower or any of Borrower's property is bound, or be in conflict with, or will result in a material breach of or constitute (with due notice and/or lapse of time) a default under any such deed of trust, mortgage, indenture, trust agreement or other instrument, or result in the creation or imposition of any lien, charge or encumbrance of any nature whatsoever upon any of Borrower's property or assets, except as contemplated by the provisions of the Security Documents; and (b) The Security Documents, as and when executed and delivered by Borrower, constitute the legal, valid and binding obligations of Borrower in accordance with their respective terms subject to applicable bankruptcy and insolvency laws.
2. Other Information. All other information, reports, papers and data given to Lender, or to Lender's legal counsel, with respect to Borrower, the Property, or the loan evidenced by the Security Documents are accurate and correct in all material respects and complete insofar as completeness may be necessary to give Lender a true and accurate knowledge of the subject matter.
3. Title. Borrower has good and marketable title in fee simple to the Property free and clear of all encumbrances except for encumbrances of record as of the date of this Deed of Trust. Borrower will preserve its title to the Property and will forever covenant and defend the same to Lender and will forever covenant and defend the validity and priority of the lien of this Deed of Trust.

99-8100 LASER F.54516 Rev. 11/04                page 1 of 6                COPYRIGHT 1999 Minnesota Mutual companies, Inc. All rights reserved.

Borrower's Initials (All signers)

CREDIT UNION COPY                                        LOS/CEDEED 12-15-04

**DEED OF TRUST (continued)**

4. Litigation. There is not now pending or threatened against or affecting the Property, nor, to the knowledge of Borrower, is there contemplated, any action, suit or proceeding at law or in equity or by or before any administrative agency which, if adversely determined, would impair or adversely affect the value or operation of the Property.

5. Environmental Indemnity. Borrower shall indemnify and hold Lender harmless against and from any and all loss, cost, damage, claim or expense (including, without limitation, any and all attorney's fees or expenses of litigation) incurred or suffered by Lender on account of (i) the location on, about or under the Property of any chemicals, material, substance, or contaminant (including, without limitation, oil, petroleum products, asbestos, urea, formaldehyde, foam insulation, hazardous waste and/or toxic waste), the presence or storage of which or the exposure to which is prohibited, limited, or regulated by any federal, state, county, regional, or local governmental unit, agency or authority, or which presence, storage, or exposure may pose a hazard to health and safety or (ii) the failure by Borrower or any prior owner or occupant of the Property to comply with any applicable federal, state, county, regional or local environmental laws, regulations, and court or administrative orders.

**B. ADDITIONAL COVENANTS**
Until the entire Debt shall have been paid in full, Borrower covenants and agrees as follows:

6. Payment of Indebtedness. Borrower shall timely pay and discharge the Debt or any part thereof in accordance with terms and conditions of the Agreement, this Deed of Trust, and the Security Documents.

7. Payment of Taxes and Assessments. Borrower shall duly pay and discharge, or cause to be paid and discharged all real estate and personal property taxes and other taxes and assessments, public or private; water and sewer rates and charges; all other governmental or nongovernmental charges applicable to the Property; any interest or costs or penalties with respect to any of the foregoing; and charges for any easement or agreement maintained for the benefit of the Property, general and special, ordinary or extraordinary, foreseen or unforeseen, of any kind and nature whatsoever which may at any time prior to or after the execution of this Deed of Trust, be assessed, levied, or imposed upon the Property or the rent or income received therefrom, or any use or occupancy thereof. All of the foregoing are hereinafter collectively referred to as "Taxes and Assessments." Borrower shall provide Lender with satisfactory proof of payment of any Taxes and Assessments within ten (10) days of the date any such Taxes or Assessments are due. In the event Borrower fails to timely pay any such Taxes or Assessments, Lender may, but shall not be obligated to, make such payments and any amounts so paid by Lender shall be treated as "Advances" in accordance with Paragraph 16 hereof.

8. Hazard Insurance. Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage" and any other hazards for which Lender requires insurance. If the Property is located in an area designed by the Director of the Federal Emergency Agency as a special flood hazard area, Borrower agrees to obtain Federal Flood Insurance to the extent such insurance is required for the term of the loan and for the full indebtedness of the loan. Insurance policies shall be maintained in the amounts and for the periods that Lender requires. The insurance carriers providing the insurance shall be chosen by Borrower subject to Lender's approval which shall not be unreasonably withheld.

All insurance policies and renewals shall be acceptable to Lender and shall include a standard mortgage clause. Lender shall have the right to hold the policies and renewals. If Lender requires, Borrower shall name Lender as "loss-payee" and shall promptly give to Lender all receipts of paid premiums and renewal notices. Borrower hereby absolutely and irrevocably assigns to Lender, for the benefit of Lender, and authorizes payor to pay to Lender, all proceeds of any insurance policies payable because of loss sustained to all or part of the Property. In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

Unless Lender and Borrower otherwise agree in writing, insurance proceeds shall be applied to restoration or repair of the Property damaged, if the restoration or repair is economically feasible and Lender's security is not lessened or impaired. If the restoration or repair is not economically feasible or Lender's security would be lessened or impaired, the insurance proceeds shall be applied to the sums secured by this Deed of Trust, whether or not then due, with any excess paid to Borrower. If Borrower abandons the Property, or does not answer within 30 days a notice from Lender that the insurance carrier has offered to settle a claim, then Lender may collect the insurance proceeds. Lender may use the proceeds to repair or restore the Property or to pay sums secured by this Deed of Trust, whether or not then due. The 30-day period will begin when the notice is given.

Unless Lender and Borrower otherwise agree in writing, any application of proceeds to principal shall not extend or postpone the due date of the monthly payments referred to in Paragraph 6 or change the amount of the payments. If under Paragraph 21 the Property is acquired by Lender, Borrower's right to any insurance policies and proceeds resulting from damage to the Property prior to the acquisition shall pass to Lender to the extent of the sums secured by this Deed of Trust immediately prior to the acquisition.

9. Repair. Borrower shall keep the Property in good order and condition and make all necessary or appropriate repairs, replacements and renewals thereof. Borrower agrees not to permit or allow any waste of the Property or make or permit to be made any material alterations or additions to the Property that would have the effect of diminishing the value thereof or that will in any way increase the risk of any fire or hazard arising out of the construction or operation thereof. Borrower agrees not to alter or remove any structure or fixture in the Property without Lender's prior written consent. Borrower shall prevent any act or thing which might adversely effect or impair the value or usefulness of the Property.

10. Restoration Following Uninsured Casualty. In the event of the happening of any casualty, of any kind or nature, ordinary or extraordinary, foreseen or unforeseen, not covered by any Insurance Policy resulting in damage to or destruction of the Property, Borrower shall give notice thereof to Lender and Borrower shall promptly at Borrower's sole cost and expense, commence and diligently continue to restore, repair, replace, rebuild or alter the damaged or destroyed Property as nearly as possible to its value, condition and character immediately prior to such damage or destruction.

Borrower's Initials (All signers)

CREDIT UNION COPY    LOS/CEDEED 12-15-04

## DEED OF TRUST (continued)

11. **Compliance with Laws.** Borrower shall promptly and faithfully comply with, conform to and obey or contest by appropriate proceedings in good faith all present, and use its best efforts as to future laws, ordinances, rules, regulations and requirements of every duly constituted governmental authority or agency having jurisdiction, including every fire code by the authority having jurisdiction, or similar body exercising functions, which may be applicable to it or to the Property or to the use and manner of use, occupancy, possession, operation, maintenance or reconstruction of the Property, whether or not such law, ordinance, rule, order, regulation or requirement shall necessitate structural changes or improvements or interfere with the use or enjoyment of the Property.

12. **Performance of Other Agreements.** Borrower shall duly and punctually perform all covenants and agreements expressed as binding upon it under any agreement of any nature whatsoever that involves the Property including, without limitation, all rules and regulations of a homeowners or condominium association if the Property is part of a condominium, cooperative, phased development or other homeowners association.

13. **Inspection.** Borrower shall permit Lender, and parties designated by Lender, at all reasonable times, to inspect the Property.

14. **Hold Harmless.** Borrower shall, at Borrower's sole cost and expense, save, indemnify and hold the Lender, its officers, directors, employees and agents, harmless from any injury, claim, demand, suit, judgment, execution, liability, debt, damage or penalty (hereinafter collectively referred to as "Claims") affecting the Property, or the value of any of the Security Documents, arising out of, resulting from, or alleged to arise out of or result from, any action or inaction by Borrower. Borrower shall pay all expenses incurred by the Lender in defending itself with regard to any and all Claims. These expenses shall include all out-of-pocket expenses, such as attorneys' and experts' fees, and shall also include the reasonable value of any services rendered by any employee of Lender.

15. **Expenses.** Borrower shall pay or reimburse Lender for all reasonable costs and expenses paid or incurred by Vendor in any action, proceeding or dispute of any kind in which Lender is made a party or appears as party plaintiff or defendant, involving any of the Security Documents, Borrower, or the Property, including, without limitation, to the foreclosure or other enforcement of this Deed of Trust, any condemnation involving the Property, any action to protect the security hereof, or any proceeding in probate or bankruptcy, and any such amounts paid or incurred by Borrower shall be treated as Advances in accordance with Paragraph 16 thereof. Borrower shall pay all obligations arising under this Paragraph immediately upon demand by Trustee or Lender.

16. **Advances.** In the event Borrower fails to perform any act required of Borrower by any of the Security Documents or to pay when due any amount required to be paid by any of the Security Documents, Lender may, but shall not be obligated to, make such payment or perform such act. Such payment or performance by Lender shall not have the effect of curing any Event of Default or of extending the time for making any payment due hereunder or under the Agreement. All amounts so paid by Lender, together with all expenses incurred in connection therewith, shall be deemed advances ("Advances") under this Deed of Trust and the Agreement, shall be immediately due and payable and shall be added to the Debt. Advances shall bear interest from the date expended at the rate specified in the Agreement and shall be secured by this Deed of Trust as though originally a part of the principal amount of the Debt.

17. **Use Violations.** Borrower shall not use the Property or allow the same to be used or occupied for any unlawful purpose or in violation of any permit or certificate, or any law, ordinance, regulation or restrictive covenant, covering or affecting the use or occupancy thereof, or suffer any act to be done or any condition to exist on the Property or any article to be brought thereon, that may be dangerous, unless safeguarded as required by law, or that may, in law, constitute a nuisance, public or private.

18. **Other Liens.** Borrower shall not, without the prior written consent of Lender, create or permit to be created or to remain, any mortgage, pledge, lien, encumbrance or charge on, security interest in, or conditional sale of or other title retention agreement on (whether prior or subordinate to the liens of the Security Documents) the Property or income therefrom other than the Security Documents ("Liens"). In the event Borrower fails to promptly discharge any such Liens, Lender may, but shall not be obligated to, do so and any amounts paid or incurred by Lender (including reasonable attorney's fees in connection therewith), shall be treated as Advances in accordance with Paragraph 16 hereof.

19. **Transfer of the Property.** If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Deed of Trust. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Deed of Trust.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Deed of Trust. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Deed of Trust without further notice or demand on Borrower.

20. **Events of Default.** The term Event of Default, as used in the Security Documents, shall mean the occurrence or happening, from time to time, of any one or more of the following: (a) Borrower fails to make any payment required by this Deed of Trust or the Agreement when it is due; (b) Borrower has engaged in or engages in fraud or material misrepresentation, either by act or omission, in connection with this Deed of Trust or the Agreement at any time during the application process or during the term of this Deed of Trust or the Agreement; (c) Borrower acts or fails to act in a way that adversely affects the security under this Deed of Trust, including, without limitation, the following: (i) Borrower transfers title to the Property or sells the Property without the consent of Lender; (ii) Borrower fails to maintain the insurance required to be carried by Borrower according to the terms of this Deed of Trust; (iii) Borrower fails to pay any Taxes or Assessments on the Property; (iv) Borrower permits the filing of a lien against the Property senior to that held by Lender; (v) the death of Borrower (in the event of more than one Borrower, the death of the last remaining Borrower who executed the Agreement); (vi) the Property is taken by condemnation or power of eminent domain; or (vii) the holder of any prior mortgage or deed of trust commences foreclosure of the prior mortgage or deed of trust; or (d) Borrower, either by act or omission, fails to abide by the material obligations of the Agreement or this Deed of Trust.

21. **Remedies.** If an Event of Default shall occur and be continuing, Lender may at its option, exercise any, some or all of the following remedies:

## DEED OF TRUST (continued)

If the default is not cured on or before the date specified in the notice, Lender, at its option, may require immediate payment in full of all sums secured by the Deed of Trust without further demand and may invoke the power of sale and any other remedies permitted by law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided herein, including, but not limited to, reasonable attorney's fees and costs of title evidence.

(a) **Acceleration.** Lender may declare the unpaid portion of the Debt to be due and payable upon the occurrence of any event of default. Lender shall give notice to Borrower prior to acceleration following Borrower's commission of any event of default.

(b) **Enforcement of Deed of Trust.** Lender (or Trustee), with or without entry, personally or by its agents or attorneys, may:

    (i) invoke the power of sale. If trustee invokes the power of sale, Trustee shall give written notice to borrower of the occurrence of an event of default and of Lender's election to cause the Property to be sold.

        Trustee shall record a notice of sale in each county which any part of the Property is located and shall mail copies of the notice as prescribed by applicable law to Borrower and to the other persons prescribed byapplicable law.

        After the time required by applicable law and after publication and posting of the notice of sale, Trustee, without demand on Borrower, shall sell the Property at public auction to the highest bidder for cash at the time and place designated in the notice of sale. Trustee may postpone sale of the Property by public announcement at the time and place of any previously scheduled sale. Lender or its designee may purchase the Property at any sale.

Should the sale of the trust property not result in the receipt of an amount sufficient to satisfy the total obligation owed byBorrower and to the extent permitted by Arizona law, an action may be maintained to recover a deficiencyjudgement against any person directly, indirectly or contingently liable on the contract for which the trust deed was given as security including any guarantor of or surety for the contract and any partner of a trustor or other obligor which is a partnership. The right to seek a deficiency judgement do not preclude a beneficiary from foreclosing a Deed of Trust pursuant to the laws of this State.

        Trustee shall deliver to the purchaser Trustee's deed conveying the Property without any covenant or warranty, expressed or implied. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all expenses of the sale, including but not limited to, reasonable Trustee's and attorney's fees; (b) to all sums secured by this Deed of Trust; and (c) any excess to the person or persons legally entitled to it or to the clerk of the superior court of the county in which the sale took place.

    (ii) institute proceedings for the complete foreclosure of this Deed of Trust in the manner provided by law for for the foreclosure of mortgages;

    (iii) take steps to protect and enforce its rights whether by action, suit or proceeding in equity or at law for the specific performance of any covenant, condition or agreement in the Agreement or in this Deed of Trust, or in aid of the execution of any power herein granted, or for any foreclosure hereunder, or for the enforcement of any other appropriate legal or equitable remedy or otherwise as Lender shall elect;

    (iv) Lender may, to the extent permitted by law, collect any rents, profits, or other amounts due Borrower from any lease, land contract, or other agreement by which Borrower is leasing or selling any interest in the Property, and exercise Borrower's rights and remedies under such agreements. Lender will have no obligation to make any demand or inquiry as to the nature or sufficiency of any payment Lender receives or to present or file any claimer take any other action to collect or enforce the payment of any amounts Lender is entitled to under this Deed of Trust;

    (v) Lender may pay on Borrower's behalf all or any part of the debt and obligations then secured by any prior mortgage or deed of trust, whether or not they are then due and payable and whether or not Borrower is then in default under the prior mortgage or deed of trust. However, Lender will not be required to do so. Any payment Lender makes shall become part of the Debt, and shall be payable on Lender's demand, together with interest at

    (vi) Lender may obtain or update commitments for title insurance, tax histories, title searches and title insurance concerning the Property. Any amounts that Lender spends in doing so will become part of the Debt;

    (vii) Lender may exercise any of Borrower's rights and options under any lease, land contract, or other agreement by which Borrower is leasing or purchasing any interest in the Property, including any option to purchase the Property or to renew or extend the term of the lease, land contract, or other agreement, or to prepay in whole or in part the lease, land contract or other agreement. Lender will have no obligation to exercise any such right or option;

    (viii) enforce this Deed of Trust in any other manner permitted under the laws of the State of Arizona.

(c) **Receiver or Beneficiary-In-Possession.** At any time after acceleration of the unpaid portion of the Debt under Paragraph 21 (a) this Deed of Trust request the appointment of a receiver of the Property, without notice or the requirement of bond (any and all such notice and bond being hereby expressly waived) and without regard to the solvency or insolvency of Borrower at the time of application for such receiver and without regard to the then value of the Property and Lender may be appointed as such receiver or as mortgagee-in-possession. Such receiver or the mortgagee-in-possession shall have power to collect the receipts, rents, issues and profits of the Property during the period between acceleration of the Debt and any resulting Trustee's sale or foreclosure sale, in case of a sale and a deficiency, during the full statutory period of redemption (if any), whether there be redemption or not, as well as during any further times (if any) when Borrower, except for the intervention of such receiver or mortgagee-in-possession, would be entitled to collect such receipts, rents, issues and profits, and all other powers which may be necessary or are usual in such cases for the protection, possession, control, management and operation of the Property during the whole of said period. Such receiver or mortgagee-in-possession shall have all of the rights and powers permitted under the laws of the State of Arizona. The court from time to time may authorize the receiver or mortgagee-in-possession to apply the net income in its hands in payment in whole or in part of: (a) the Debt or any order or judgment foreclosing the lien of this Deed of Trust, or any tax, special assessment or other lien which may be or become superior to the lien and security interest hereof or the lien of such order

## DEED OF TRUST (continued)

or judgment, provided such application is made prior to foreclosure sale or Trustee's sale; and (b) the deficiency in case of foreclosure sale or Trustee's sale and deficiency. The herein contained shall be secured hereby.

(d) Remedies cumulative and Concurrent. The rights and remedies of Lender as provided in the Security Documents shall be cumulative and concurrent and may be pursued separately, successively or together against mortgagor or the Property, or any one of them, at the sole discretion of Lender, and may be exercised as often as occasion therefore shall arise, all to the maximum extent permitted by applicable laws, rules and regulations. If Lender elects to proceed under one right or remedy under this Deed of Trust or the Agreement, Lender may at any time cease proceeding under such right or remedy and proceed under any other right or remedy under this Deed of Trust or the Agreement. The failure to exercise any such right or remedy shall in no event be construed as a waiver or release thereof. Nothing in the Agreement or this Deed of Trust shall affect Borrower's obligations to pay the Debt and perform its obligations in accordance with the terms thereof.

(e) No Conditions Precedent to Exercise of Remedies. Neither Borrower nor any other person now or hereafter obligated for payment of all or any part of the Debt shall be relieved of such obligation by reason of the failure of Lender to comply with any request of Borrower or any other person so obligated to take action to institute a Trustee's sale or foreclose on this Deed of Trust or otherwise enforce any provisions of this Deed of Trust or the Agreement, or by reason of the release, regardless of consideration, of all or any part of the security held for Debt, or by reason of any agreement or stipulation between any subsequent owner of the Property and Lender extending the time of payment or modifying the terms of this Deed of Trust or the Agreement without first having obtained the consent of Borrower or such other person; and in the latter event Borrower and all such other persons shall continue to be liable to make payment according to the terms of any such extension or modification agreement, unless expressly released and discharged in writing by Lender.

(f) Discontinuance of Proceedings. In case Lender shall have proceeded to enforce any right under any of the Security Documents and such proceedings shall have been discontinued or abandoned for any reason, then in every such case, Borrower and Lender shall be restored to their former positions and the rights, remedies and powers of Lender shall continue as if no such proceedings had been taken.

22. Condemnation. In the event of the taking by eminent domain proceedings or the like of any part or all of the Property by any federal, state, municipal or other governmental authority or agency thereof, all awards or other compensation for such taking shall be paid to Lender for application on the Debt, provided that no such application shall result in additional interest or have the effect of curing any Event of Default or extending the time for making any payment due hereunder or under the Agreement.

23. Prior Mortgage or Deed of Trust. If this Deed of Trust is subject to a prior mortgage or deed of trust, the lien of which is superior to the lien of this Deed of Trust, Borrower agrees to pay each installment of the debt secured by the prior mortgage or deed of trust when it is due, whether by acceleration or otherwise. Borrower also agrees to pay and perform all other obligations of the mortgagor or trustor under the prior mortgage or deed of trust. Borrower agrees to provide Lender with proof of payment or performance under the prior mortgage or deed of trust whenever Lender requests it. If Borrower fails to pay any installment of principal or interest when it is due or if Borrower fails to pay or perform any other obligation under the prior mortgage or deed of trust; Lender has the right, but not the obligation, to pay the installment or to pay or perform such other obligation on Borrower's behalf. Any amounts Lender spends in performing Borrower's obligations will become part of the Debt, payable by Borrower on Lender's demand, and will bear interest at the same rate as the Debt bears from time to time. Lender may rely upon any written notice of default under the prior mortgage or deed of trust that Lender receives from the holder of the prior mortgage or deed of trust even though Borrower questions or denies the existence, extent, or nature of the default. Borrower shall not renew, extend or modify the prior mortgage or deed of trust, and shall not increase the debt secured by the prior mortgage or deed of trust, without Lender's prior written consent.

24. Survival of Warranties and Covenants. The warranties, representations, covenants and agreements set forth in the Security Documents shall survive the making of the loan and the execution and delivery of the Agreement, and shall continue in full force and effect until the Debt shall have been paid in full.

25. Further Assurances. Borrower shall, upon the reasonable request of Lender, execute, acknowledge and deliver such further instruments (including, without limitation, a declaration of no set-off) and do such further acts as may be necessary, desirable or proper to carry out more effectively the purpose of the Security Documents and to subject to the liens thereof any property intended by the terms thereof, to be covered thereby and any renewals, additions, substitutions, replacements or betterments thereto.

26. Recording and Filing. Borrower shall, at Borrower's sole cost and expense, cause those Security Documents and all supplements thereto, for which constructive notice must be given to protect Lender, at all times to be recorded and filed, and re-recorded and re-filed, in such manner and in such places as Lender shall reasonably request, and shall pay all such recording, filing, re-recording, re-filing taxes, fees and other charges to the maximum extent permitted by the laws of the State of Arizona.

27. Loan Expenses. Borrower shall pay all applicable costs, expenses and fees set forth in the Agreement upon demand.

28. No Representation by Lender. By accepting or approving anything required to be observed, performed or fulfilled, or to be given to Lender, pursuant to this Deed of Trust, including (but not limited to any officer's certificate, balance sheet, statement of profit and loss or other financial statement, survey or appraisal), Lender shall not be deemed to have arranged or represented the sufficiency, legality, effectiveness or legal effect of the same, or of any term, provision or condition thereof, and such acceptance or approval thereof shall not be or constitute any warranty or representation with respect thereto by Lender.

29. Incorporation of Agreement. Each and every term, covenant and provision contained in the Agreement is, by this reference, incorporated into this Deed of Trust as if fully set forth herein.

30. Waiver of Homestead. Borrower grants this Deed of Trust to Lender free from all rights and benefits under and by virtue of the homestead exemption laws of the State of Arizona, which said rights and benefits Borrower does hereby expressly release and waive.

| DEED OF TRUST (continued) |
|---|

31. Notice. Except for any notice required under applicable law to be given in another manner, any notice provided for in this Deed of Trust shall be in writing and shall be deemed properly delivered three days after deposit thereof in any main or branch United States Post Office, certified or first class United States Mail, postage prepaid, addressed as follows or at such other address as may be designated by notice as provided herein:

If to the Borrower:

DONALD T. BACK
CARLIE B. BACK
2201 EAST EUCLID AVENUE
PHOENIX, AZ 85042

If to the Lender:

Arizona Federal Credit Union
P.O. Box 60070
Phoenix, Arizona 85082-0070

32. Covenants Running With the Land. All covenants contained in this Deed of Trust shall run with the Land.

33. Successors and Assigns. All of the terms of this Deed of Trust shall apply to and be binding upon, and inure to the benefit of, the successors and assigns of Borrower and Lender, respectively, and all persons claiming under or through them provided that nothing in this Paragraph shall be construed to permit a transfer, conveyance or assignment other than as expressly permitted by this Deed of Trust.

34. Multiple Mortgagors. Borrower's covenants and agreements hereunder shall be joint, several and primary. Any Borrower who co-signs this Deed of Trust but does not execute the Agreement: (a) is co-signing this Deed of Trust only to grant and convey the Property; (b) is not personally obligated to pay the Debt; and (c) agrees that Borrower and any other Borrower may agree to extend, modify, forebear or make any accommodations with regard to the terms of this Deed of Trust or the Agreement without that Borrower's consent.

35. Blind Trust Disclosure. If any Borrower under this Deed of Trust is a trust, the names and addresses of the beneficiaries of the trust are as follows:

36. Severability. In case any one or more of the obligations or the provisions of this Deed of Trust or of the Agreement shall be determined to be invalid, illegal or unenforceable in any respect, the validity of the remaining obligations or provisions of this Deed of Trust shall be in no way affected, prejudiced or disturbed thereby.

37. Modification. This Deed of Trust may not be changed, waived, discharged or terminated orally, but only by an instrument or instruments in writing, signed by the party against which enforcement of the change, waiver, discharge or termination is asserted.

38. Applicable Law. This Deed of Trust shall be governed by and construed according to the laws of the State of Arizona.

39. Strict Performance. Any failure by Lender to insist upon strict performance by Borrower of any of the terms and provisions of this Deed of Trust or any of the Security Documents shall not be deemed to be a waiver of any of the terms or provisions of this Deed of Trust or any of the Security Documents, and Lender shall have the right thereafter to insist upon strict performance by Borrower of any and all of them.

40. Headings. The headings and the section and paragraph entitlements hereof are inserted for convenience of reference only, and shall in no way alter or modify the text of such paragraphs, sections and subsections.

41. Riders. If one or more riders are attached to and made a part of this Deed of Trust, the covenants and agreements for each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Deed of Trust.

IN WITNESS WHEREOF, the Borrower has executed this instrument the day and year first above written.

X _____  X _____
Borrower DONALD T. BACK            Borrower CARLIE B. BACK

X _____  X _____
Borrower                            Borrower

STATE OF ARIZONA
COUNTY OF MARICOPA  SS:

OFFICIAL SEAL
CHER RON GARY
Notary Public - State of Arizona
MARICOPA COUNTY
My Comm. Expires Aug. 19, 2009

The foregoing instrument was acknowledged before me this 17TH DAY OF MARCH, 2006 by DONALD T. BACK CARLIE B. BACK

Notary Public

My commission Expires: Aug 19, 2009

99-8100 LASER P.54316 Rev. 11/04    page 6 of 6    COPYRIGHT 1999 Minnesota Mutual companies, Inc. All rights reserved.

Borrower's Initials (All signers)

CREDIT UNION COPY            LOS/CEDEED 12-15-04

**EXHIBIT A**

THE NORTH HALF OF THE WEST HALF OF THE NORTHWEST QUARTER OF THE SOUTHEAST QUARTER OF THE SOUTHEAST QUARTER OF SECTION 3, TOWNSHIP 1 SOUTH, RANGE 3 EAST OF THE GILA AND SALT RIVER BASE AND MERIDIAN, MARICOPA COUNTY, ARIZONA;

EXCEPT THE EAST 163 FEET THEREOF;

EXCEPT THE NORTH 25 FEET THEREOF;

EXCEPT THE WEST 25 FEET THEREOF.