**LAW OFFICES**
**SHERMAN & HOWARD L.L.C.**
2800 NORTH CENTRAL AVENUE, SUITE 1100
PHOENIX, ARIZONA 85004-1043
TELEPHONE: (602) 240-3000
FAX: (602) 240-6600
(AZ BAR FIRM NO. 00441000)
Bryan A. Albue (AZ Bar No. 009594)
(balbue@shermanhoward.com)
Attorneys for Mandalay Communities, Inc.

# UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>CARLIE BILLEN BACK,<br><br>Debtor. | Chapter 11<br><br>Case No. 2:08-bk-19141-GBN<br><br>**SUPPLEMENTAL AND AMENDED OBJECTION OF MANDALAY COMMUNITIES, INC. TO DEBTOR'S AMENDED PLAN OF REORGANIZATION DATED SEPTEMBER 2, 2009**<br><br>Hearing Date: January 7, 2010<br>Time: 9:30 a.m.<br>Location: 230 North First Avenue<br>Courtroom #702 |

Mandalay Communities, Inc. ("Mandalay"), the holder of all right, title and interest in Claim No. 5 in the Claims Register in this case as the assignee of Kondaur Capital Corporation ("Kondaur"), files its Supplemental and Amended Objection to Debtor's Amended Plan (the "Plan"). Mandalay incorporates by reference the Objection to the Plan filed by Kondaur on October 27, 2009 and the Objection to Disclosure Statement filed by M&I Marshall & Ilsley Bank ("M&I"), the predecessor in interest to Kondaur in Claim No. 5. Under the Class 5 Claim, Mandalay holds the first-priority security interest in Debtor's residence. Mandalay's Objection to the Plan is supported by the following Memorandum of Points and Authorities.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. FACTS AND ALLEGATIONS

Mandalay is the holder of a Mortgage Note dated December 30, 2004 in the original principal amount of $390,000 (the "Note"). The Note is secured by a Deed of Trust on, among other things, certain residential real property located at 2201 E. Euclid Ave. in Phoenix, Arizona, which is Debtor's primary residence (the "Residence"). If not previously accelerated, the Note matured on January 1, 2010, at which time the full outstanding balance is due and payable.

The foregoing claim is reflected in Claim 5 as designated in the Claims Register, which was filed by M&I on January 26, 2009, the holder of Claim 5 at the time. Claim 5 was assigned to Kondaur and then to Mandalay, which is the current holder. Debtor has failed to make payments as required and is in default under the Note and Deed of Trust. Mandalay's claim currently is in the amount of not less than $416,931.19. Interest and other charges continue to accrue.

The Plan proposes to pay one half of the amount of Claim 5, which is incorrectly stated as $197,010.73, over 30 years at 4.75% interest. Alternatively, Debtor will pay the entire amount, which is incorrectly stated as $394,021.46, over 40 years, with the first 60 months at 2.50% interest and the remaining 420 months at 4.75% interest.

## II. LEGAL ARGUMENT

### A. Burden and Standard of Proof.

As the proponent of a plan, Debtor has the burden of proving that each and every element of 11 U.S.C. § 1129(a) has been satisfied. In re Mid Pacific Airlines, Inc., 110 B.R. 489, 490 (Bankr. D. Haw. 1990). The proponent of a plan also has the burden to demonstrate by clear and convincing evidence that the terms of 11 U.S.C. § 1129(b) are met where "cram down" is sought. In re Stoffel, 41 B.R. 390, 392 (Bankr. D. Minn. 1984); In re Champion Oil Co., 13 B.R. 472, 474 (Bankr. S.D. Ohio 1980). The court, in turn, has the obligation of making its independent determination that the requirements of § 1129 have been met. In re Coastal Equities, 33 B.R. 898, 906 (Bankr. S.D. Cal. 1983).

**B. Claim 5 is secured by Debtor's Primary Residence and the Terms of the Loan Cannot be Modified Under a Chapter 11 Plan Pursuant to 11 U.S.C. § 1123(b)(5).**

Title 11 U.S.C. § 1123(b)(5) provides that a plan may "modify the rights of holders of secured claims, <u>other than a claim secured only by a security interest in real property that is the debtor's principal residence</u>, or of holders of unsecured claims, or leave unaffected the rights of holders of any class of claims. (emphasis added).

As set forth in the Objection to the Disclosure Statement filed by M&I and the Objection to the Plan filed by Kondaur, the treatment provided to the holder of Claim 5 is not consented to, and was and is expressly objected to and opposed. The loan matured no later than January 1, 2010. Therefore, the full outstanding amount must be immediately paid.[1]

The Plan does not comply with 11 U.S.C. § 1123(b)(5) and cannot be confirmed as a matter of law. As a result, its confirmation should be summarily denied.

**C. Debtor's Proposed Plan is not Feasible and will not Lead to a Successful Reorganization.**

A condition to the confirmation of a plan is the finding that it is feasible under 11 U.S.C. § 1129(a)(11). "For reorganization purposes, feasibility simply means that a plan must structure a debtor to ensure its viability as a reorganized company. This includes providing the ability to service any debt included in the plan and providing enough working capital for continuation of the business." <u>In re Duplan Corp.</u>, 9 B.R. 921, 925 (S.D. N.Y. 1980). <u>See</u> <u>In the Matter of Equity Funding Corporation of America</u>, 416 F. Supp. 132, 142 (C.D. Cal. 1975). In order to meet the feasibility standard, a debtor "must demonstrate that the plan has a reasonable probability of success." <u>In re Acequia, Inc.</u>, 787 F.2d 1352, 1364 (9th Cir. 1986).

Feasibility contemplates "the probability of actual performance of the provisions of the plan." <u>In re Hoffman</u>, 52 B.R. 212, 215 (Bankr. D. N.D. 1985). Factors to be

---

[1] To the extent inconsistent with the foregoing, Mandalay objects to Sections IV D, E and F of the Plan.

3

considered when judging feasibility of a Chapter 11 plan include the earning power of the business, the sufficiency of the capital structure, economic conditions, managerial efficiency, and whether the same management will continue to operate the company. In re Hoffman, 52 B.R. at 215; In re Great Northern Protective Services, Inc., 19 B.R. 802, 803 (Bankr. W.D. Wash. 1982).

"Where a debtor proposes to fund a plan out of operating revenue, its financial record during the pendency of Chapter 11 is probative of feasibility (Citations omitted). Income projections indicating financial progress must be based on concrete evidence of financial progress, and must not be speculative, conjectural, or unrealistic predictions. (Citations omitted)." In re Merrimack Valley Oil Co., Inc., 32 B.R. 485 (Bankr. D. Mass. 1983). See In the Matter of Equity Funding Corporation of America, 416 F. Supp. 132 (C.D. Cal. 1975); In re Pizza of Hawaii, Inc., 761 F.2d 1374 (9th Cir. 1985). Moreover, the longer the plan extends, the stricter the proof required as to feasibility and adequate protection. In re KRO Assocs., 4 B.C.D. 462 (Bankr. S.D. N.Y. 1978). See In re Orfa Corp. of Philadelphia, 129 B.R. 404, 410-411 (Bankr. E.D. Pa. 1991); In re Texaco Inc., 84 B.R. 893, 910 (Bankr. S.D.N.Y. 1988).

The Disclosure Statement provides that the primary means for effectuating the Plan will be the income and commissions from the sale of Debtor's properties. The Disclosure Statement further states that Debtor "continues to sell property as a Real Estate Agent with the hopes of the Real Estate market recovering."

Schedule I lists Debtor's monthly gross wages at $9,846.44. Schedule J lists Debtor's monthly expenses as $7,912.00, which includes the payments on the Residence of $4,527.00 per month.

The monthly financial reports that indicate that Debtor's total income from the time the case was filed through November 2009 is only $17,654.30, which averages just over $1,600 per month. There is no evidence that Debtor can make the required payments under the Plan.

D. **Neither Debtor nor any Third Party is Entitled to the Release, Discharge or Satisfaction of any Claim or Indebtedness Beyond What is Provided for in 11 U.S.C. § 524(e) and Debtor is Not Entitled to a Discharge Upon Confirmation Pursuant to 11 U.S.C. § 1141(d)(5).**

The Plan is objectionable to the extent Debtor seeks, for her benefit or the benefit of any third party, relief regarding the release, discharge or satisfaction of claims beyond what is provided for in 11 U.S.C. § 524(e). See In re Lowenschuss, 67 F.3d 1394, 1401 (9th Cir., 1995), cert. denied, 517 U.S. 1243 (1996); In re American Hardwoods, 885 F.2d 621, 626 (9th Cir. 1989). Finally, an individual debtor is not entitled to a discharge upon confirmation of a plan. To the extent Debtor otherwise is qualified, she is not entitled to a discharge until the completion of all payments under the plan. See 11 U.S.C. § 1141(d)(5).

E. **Reservation of Additional Objections.**

The Plan is objectionable on other grounds with respect to, among other things, the treatment provided to Claim 5. Because of the protections afforded under 11 U.S.C. § 1123(b)(5), Mandalay deems it unnecessary to address them in detail at this time, however. To the extent necessary, Mandalay reserves the right to assert additional objections to the Plan, including, without limitation that (i) the Plan is not fair and equitable, and unfairly discriminates against Mandalay; and (ii) the Plan violates the absolute priority rule and is not in the best interest of creditors; and (iii) the Plan fails to address or comply with provisions of Chapter 11 governing individual debtors including, without limitation 11 U.S.C. § 1129(a)(15)(B), 11 U.S.C. § 1127(e), and 11 U.S.C. § 1123(a)(8).

Mandalay also reserves the right to review and approve the form of any orders entered in connection with or part of the Plan for the purposes of ensuring, among other things, that all rights and interests afforded to Mandalay under the Plan and the Note and Deed of Trust, and in and to the Residence are preserved.

III. **CONCLUSION AND RELIEF REQUESTED**

WHEREFORE Mandalay requests that the Court:

A. Deny approval of the Plan;

B. Grant relief consistent with the foregoing objection; and

C. Award other and further relief as the Court deems just and proper.

DATED: January 6, 2010

            SHERMAN & HOWARD L.L.C.


By /s/ Bryan A. Albue  #009594
Bryan A. Albue
2800 North Central Avenue, Suite 1100
Phoenix, Arizona 85004-1043
Attorneys for Mandalay Communities, Inc.

COPY of the foregoing mailed/
e-mailed January 6, 2010 to:

Robert M. Cook, Esq.
The Law Offices of Robert M. Cook, PLLC
219 West Second Street
Yuma, Arizona 85364
Attorney for Debtor
robertmcook@yahoo.com

 /s/ Bryan A. Albue  #009594